IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>            Plaintiff,<br><br>    vs.<br><br>MATT TOMA and MOVES SMOOTH,<br><br>            Defendants. | 8:21CV422<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction ...." Fed. R. Civ. P. 8(a)(1).

Plaintiff has prepared her pleading using a standard form "Complaint for Violation of Civil Rights," which is intended for lawsuits brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not allege a violation of federal constitutional or statutory rights, nor are Defendants alleged to have been acting under color of state law.

Plaintiff alleges she hired Defendants to move furniture and other items from a storage unit and load them into a trailer at a U-Pack facility in preparation for her move from Nebraska to California, but because of a dispute after the trailer was loaded, Defendants unloaded all the items and left them sitting in a parking lot. Plaintiff alleges some items were damaged and others were missing, and she had to hire another mover to reload the trailer. She seeks compensatory damages of $6,300, and punitive damages of $5,000.

Plaintiff's state-law claims, whether sounding in contract or tort, cannot be brought in federal court. Although the diversity-of-citizenship requirement may be met, since Plaintiff now resides in California, the amount of damages claimed is far below the $75,000 jurisdictional threshold. Indeed, Nebraska law does not even

allow punitive damages. *See O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 458 (Neb. 2017) ("Under Nebraska law, punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction.") (internal quotation marks and citations omitted).

IT IS THEREFORE ordered that Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Judgment shall be entered by separate document.

Dated this 17th day of December 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3